**Dora FIGUEROA ZAMBRANA,**
**Plaintiff,**

v.

**The UNITED STATES of America,**
**et al., Defendants.**

**Civ. No. 91–2435(PG).**

United States District Court,
D. Puerto Rico.

July 7, 1992.

16. At a conference held on August 13, 1992, the parties agreed that the Court should rule on whether permanent injunctive relief should be granted. It was agreed that it was not necessary to consider the issue of preliminary injunctive relief. Accordingly, this decision is on the merits.

Francisco M. Troncoso, Old San Juan, P.R., for plaintiff.

Jaime Agrait Lladó, José A. Fuentes Agostini, María Hotensia Ríos, Asst. U.S. Atty., Hato Rey, P.R., for defendants.

## OPINION AND ORDER

PEREZ–GIMENEZ, District Judge.

This case is presently before the Court on a motion to dismiss for lack of subject-matter jurisdiction presented by codefendants Electric Mutual Liability Insurance Company ("EMLIC") and General Electric Company ("GEC"). For the reasons fully discussed below, the Court finds the grounds for dismissal in said motion to be meritless.

The present cause of action arose from a motor vehicle collision at an intersection in Roosevelt Roads Naval Station between a Mitsubishi Mirage and a United States Navy bus. The driver of the Mirage died as a consequence of the injuries she received in the accident, hence the present lawsuit by her estate and several relatives in their personal capacities. After the denial of their administrative claim, plaintiffs brought the instant suit against the Government pursuant to the Federal Tort Claims Act, 28 U.S.C. § 1346(b). EMLIC and GEC were also hauled to this forum as pendent parties.[1] These promptly objected, alleging that the Supreme Court's decision in *Finley v. United States*[2] sounded the death knell as to said doctrine.[3]

Defendants correctly read *Finley*. However, they fail to note that the Judicial Improvement Act of 1990 did away with its holding by creating "supplemental jurisdiction," a revamped, modern day version of the well known doctrines of pendent and ancillary jurisdiction. The Act confers authority upon federal courts to exercise "pendent party" jurisdiction in Federal Tort Claims Act cases such as *Finley*. *See* 136 Cong.Rec. S17570–02 at 77 ("This section would authorize jurisdiction in a case like *Finley*"). *See also* 13B C. Wright, A. Miller & E. Cooper, *Federal Practice and Procedure* § 3567.3 (2d ed. 1975 and Supp. 1991). The Act reads as follows:

> [T]he district courts shall have *supplemental jurisdiction* over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution, Such supplemental jurisdiction *shall include claims that involve the joinder or intervention of additional parties.*

28 U.S.C. § 1367(a) (emphasis added).

The Court is of the opinion that the present claims against GEC and EMLIC fall within the class of claims which Congress,

---

1. The driver of the Navy bus at the time of the accident was employed by G.E. Government Services. Both he and G.E. were insured by EMLIC.

2. 490 U.S. 545, 109 S.Ct. 2003, 104 L.Ed.2d 593 (1989).

3. In *Finley,* a case brought pursuant to the Federal Tort Claims Act, the Court held that a district court could not exercise pendent party jurisdiction over an additional nondiverse party defendant. As its rationale, the Court stated: "with respect to the addition of parties, as opposed to the addition of only claims, we will not assume that the full constitutional power has been congressionally authorized and will not read jurisdictional statutes broadly." 490 U.S. at 549, 109 S.Ct. at 2007.

**8**

by virtue of the Judicial Improvement Act, intended that federal courts exercise pendent party jurisdiction over.

WHEREFORE, the present motion to dismiss is hereby DENIED.

IT IS SO ORDERED.